**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
|                 Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-1162-M-BK |
| | § | |
| DOJ – Northern District of | § | |
| Atlanta Georgia, et al., | § | |
|                 Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On April 29, 2016, this case was initiated by Plaintiff, a resident of Dallas, Texas, filing a *pro se* complaint. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, it was automatically referred to the United States Magistrate Judge. Subsequently, the Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.[1] Upon review of the merits, this case should be dismissed with prejudice as frivolous.

**I. BACKGROUND**

That Plaintiff's 121-page complaint (including attachments) is difficult to decipher is an understatement. It consists of a series of lists. In the first, Plaintiff lists her claims *seriatim*:

> (1) CIVIL RIGHT VIOLATIONS; (2) HUMAN RIGHTS VIOLATIONS; (3) DISCRIMINATION DUE TO NATIONALITY; (4) AMBUSHED, ASSAULT, LIBEL, SLANDER; (5) PERSONAL INJURY – MEDICAL MALPRACTICES; (6) PERSONAL INJURY – TAMPERING WITH PLAINTIFF['S] FOOD; (7) DEADLY PURSUIT; (8) EXPOSED TO THE DEADLY ENCOUNTER – KAISER PERMANENTE; (9) ATTEMPTED MURDER – KPCA; (10) DISPENSARY OF FAKE/LETHAL PRESCRIPTION MEDICATIONS; (11) FRAUD; (12)

---

[1] The Court granted the *Motion to Proceed in Forma Pauperis* based on Plaintiff's assertion that she is presently indigent. *See* Doc. 4 at 2, 4-5, ($1,772 monthly disability payments and $1,184 average monthly expenses). Plaintiff's pleadings list her mailing address at the Stewpot Community Health Center, 1822 Young Street, Dallas, TX 75201, which provides healthcare for the homeless. The Court notes, however, that Plaintiff has paid the $400 filing fee in several of her prior actions in this Court. *See e.g.* Cause Nos. 3:15-CV-1884-B-BN, 3:15-CV-01855-L-BH, 3:15-CV-01847-N-BH, 3:15-CV-324-L-BN, 3:15-CV-120-B-BH, 3:14-CV-3817-N-BN, 3:14-CV-3636-L-BH.

DECEIT ; (13) FRAUDULENTLY INDUCED EMPLOYMENT; (14) STALKING; (15) RETALIATION; (16) UNLAWFUL SURVEILLANCE; (17) CYBER-ATTACKS; (18) ABUSE OF POWER; (19) INTIMIDATION – DOJ OF NORTHERN TX; (20) CONSPIRACY – DOJ/KAISER PERMANENTE.

Doc. 3 at 1-2.

Next she lists the Defendants in addition to "DOJ – NORTHERN DISTRICT OF ATLANTA GEORGIA": (1) DEPARTMENT OF JUSTICE – NORTHERN DISTRICT OF TEXAS; (2) KAREN MITCHELL – DISTRICT COURT CLERK OF DOJ – NORTHERN DISTRICT OF TEXAS." Doc. 3 at 2.

The third list is of her "complaints": OBSTRUCTION OF JUSTICE; (2) ABUSE OF POWER; (3) FALSIFICATION OF COURT DOCUMENTS; (4) FORGERY; (5) DEPRAVED INDIFFERENCE; (6) CRIMINAL MISCHIEF. Doc. 3 at 3. After which she alleges *in toto*:

> PLAINTIFF DID NOT CHECK ANY BOX OF JURISDICTION; BUT KAREN MITCHELL – THE DISTRICT COURT CLERK ENTERED "FEDERAL QUESTION,"
>
> PLAINTIFF CHECKED THE BOX – MEDICAL MALPRACTICE – PERSONAL INJURY, BUT KAREN MITCHELL – DISTRICT COURT CLERK ENTERED IN THE DOCKET – "CIVIL RIGHTS LITIGATION."
>
> THIS IS PURE EVIL.  SEE EXHIBIT[2]

Doc. 3 at 3 (emphasis in original).

The remaining 118 pages consist of numerous pleadings filed in Plaintiff's previous actions in this Court, including Case No. 3:14-CV-3817-N-BN, Doc. 3 at 3-50; Doc. 3-1 at 1-50, and an assortment of printed internet pages, *see* Doc. 3-2 at 1-16. Interspersed throughout the attachments are a few pages containing Plaintiff's comments. For example, Plaintiff complains of Magistrate Judge David Horan's handling of Case No. 3:14-CV-3817-N-BN. Doc. 3 at 42.

---

[2] These allegations apparently relate to one of Plaintiff's previous causes of action filed in this Court, *Duru v. TSPMG Kaiser Permanente Georgia*, No. 3:14-CV-3817-N-BN (N.D. Tex. 2015), which was dismissed without prejudice.

2

She also claims the Defendants in Case No. 3:14-CV-3817-N-BN conspired in the "attempted murder, intentional medical malpractice, overdose of Rx medication, lethal doses of prescription medication, dispensing lethal doses of Rx medications orchestrated by Kaiser Permanente Administrative Leadership." Doc. 3-1 at 4; Doc. 3-1 at 11-12. Plaintiff also includes a four-page list of additional defendants, however, it is unclear if it relates to this case or one of her prior actions.[3] Doc. 3-2 at 18-21.

Contemporaneously with this action, Plaintiff filed three additional complaints involving some of the same claims and defendants: *Duru v. Schreiner et al*, 3:16-CV-1153-G-BN; *Duru v. Department of Justice et al,* 3:16-CV-1160-D-BN; and *Duru v. Department of Justice et al*, 3:16-CV-1161-K-BN. In the two of those cases, Magistrate Judge Horan has ordered Plaintiff to brief the issue of subject matter jurisdiction, and in the other, to respond to the Court's questionnaire regarding her possible employment discrimination claims.[4]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

---

[3] Over the past 18 months, Plaintiff has filed approximately 21 civil actions in this Court.

[4] Although courts should ensure "that the plaintiff obtains [only] one bite at the litigation apple," the allegations in the case *sub judice* are not identical in every respect to the claims raised in the other actions Plaintiff is presently pursuing. *See Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993). Thus, the undersigned does not recommend that this case be dismissed without prejudice as duplicative. *See id.* (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff.").

from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's factual contentions are legally and factually frivolous.

As recounted in full here, Plaintiff's claims are clearly baseless.  Plaintiff has presented no supporting legal authority for the claims she asserts.  Moreover, her allegations of civil rights and human rights violations, discrimination due to nationality, fraud, retaliation, and conspiracy lack any factual enhancement.  The misstatements in court documents that Plaintiff complains of do not support such claims.  The same is true of Plaintiff's delineated "complaints" of obstruction of justice, abuse of power, falsification of court documents, forgery, depraved indifference, and criminal mischief.  Doc. 3 at 3.  In addition, Plaintiff's allegations against Defendants of assault, food tampering, attempted murder, fake/lethal prescription medications, stalking, unlawful surveillance, and cyber-attacks, are wholly based on delusional or fanciful scenarios that are clearly irrational and incredible.  *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011),

*recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that her claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

Plaintiff is no stranger to this Court. As previously mentioned, over the past 18 months she has filed 21 cases. The majority of the cases have been dismissed without prejudice for want of prosecution or for lack of subject matter jurisdiction. Plaintiff is now on a filing spree, having filed five cases in a little over a month.

Given her filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if she persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar her from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial

5

machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous, and that Plaintiff be **WARNED** that if she persists in filing frivolous or baseless actions, or cases over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**SIGNED** May 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE